NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLON BLACHER, AKA Marlon Jessie Blacher, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MS. ANTONE, D Facility Librarian, <br><br> Defendant-Appellee. | No. 15-56761 <br><br> D.C. No. 2:13-cv-00403-GW-AGR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Marlon Blacher, aka Marlon Jessie Blacher, a California state prisoner,

appeals pro se from the district court's summary judgment for failure to exhaust

administrative remedies in his 42 U.S.C. § 1983 action alleging denial of access to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014), and we affirm.

The district court properly granted summary judgment because Blacher failed to raise a genuine dispute of material fact as to whether he exhausted his administrative remedies before filing his lawsuit or whether administrative remedies were "effectively unavailable." *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act ("PLRA") requires "proper exhaustion," which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010) (PLRA does not require exhaustion when remedies are "effectively unavailable").

We reject as meritless Blacher's contention that the district court failed to use Blacher's correct legal name.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**